1

2

3                                                      O

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  R. L. H., III a minor by)   Case No. EDCV 07-942-VAP
    and through his Guardian)   (JCRx)
12  ad Litem, TRACI HUNTER,  )
                             )   **[Motions filed on February**
13              Plaintiff,   )   **29, 2008]**
                             )
14      v.                   )   ORDER (1) GRANTING
                             )   DEFENDANT'S MOTION FOR
15  UNITED SERVICES          )   SUMMARY JUDGMENT AND (2)
    AUTOMOBILE ASSOCIATION,  )   DENYING PLAINTIFF'S MOTION
16  USAA INS. CO., USAA      )   FOR PARTIAL SUMMARY JUDGMENT
    CASUALTY INSURANCE       )
17  COMPANY, and DOES 1      )
    through 20, inclusive,   )
18                           )
                Defendants.  )
19  _____)

20      Plaintiff R.L.H., III's Motion for Partial Summary

21  Judgment and Defendant USAA Casualty Insurance Company's

22  Motion for Summary Judgment, or in the Alternative

23  Partial Summary Judgment came before the Court for

24  hearing on April 7, 2008.  After reviewing and

25  considering all papers filed in support of, and in

26  opposition to, the Motions, as well as the arguments

27  advanced by counsel at the hearing, the Court DENIES

28  Plaintiff's Motion and GRANTS Defendant's Motion.

## I. BACKGROUND

1
2      Plaintiff R.L.H., III, a minor, filed the Complaint
3  in California Superior Court for the County of Riverside
4  on June 18, 2007, through his guardian ad litem, Traci
5  Hunter.  Defendant USAA Casualty Insurance Company
6  ("USAA") filed a Notice of Removal in this Court on July
7  26, 2007, basing federal subject matter jurisdiction on
8  diversity of citizenship.[1]
9
10     The Complaint arises from an insurance coverage
11  dispute, which in turn began with a November 26, 2000,
12  car accident in Palm Springs, California.  Defendant USAA
13  insured Plaintiff's father, Robert Hunter II ("Robert
14  II"), who was the driver of one of the cars involved in
15  the accident.  (Compl. ¶¶ 12, 17.)  Plaintiff's mother,
16  Traci Hunter, was the front-seat passenger and pregnant
17  at the time of the accident.  (Compl. ¶  17.)  Traci
18  Hunter is alleged to have delivered Plaintiff prematurely
19  as a result of the car accident.  (Compl. ¶ 20.)  In an
20  underlying lawsuit, Plaintiff sued his father for
21  negligence, and Plaintiff's father tendered defense of
22  the action to USAA.  (Compl.  ¶¶ 22, 24.)  USAA
23  disclaimed a duty to defend Robert II under the insurance
24  policy.  (Compl. ¶  25.)  Plaintiff obtained a $2.35

25  _____

26      [1]In addition to USAA, the Complaint named as
Defendants United Services Automobile Association and
27  USAA Ins. Co.  In its Notice of Removal, USAA states that
the other two entities named as Defendants are erroneous
28  business names for USAA.  (Notice of Removal at 1:24-26.)

1  million judgment against his father in the underlying
2  lawsuit, and Robert II assigned Plaintiff his rights
3  under the USAA policy.  (Compl. ¶¶ 31, 33.)  Plaintiff
4  seeks to recover against USAA in this case as an assignee
5  of his father, the insured, and brings the following
6  claims: (1) breach of contract, (2) breach of the implied
7  covenant of good faith and fair dealing, and (3) unfair
8  and illegal business practices.
9
10     On February 29, 2008, Plaintiff filed a Motion for
11  Partial Summary Judgment ("Pl.'s Mot.") and Defendant
12  filed a Motion for Summary Judgment, or in the
13  Alternative Partial Summary Judgment ("Def.'s Mot.").
14  The parties also jointly filed a Stipulation of Facts in
15  Support of Cross-Motions for Summary Judgment ("SF") and
16  a Joint Index of Exhibits in Support of Cross-Motions for
17  Summary Judgment ("Joint Exs.").
18
19     In support of his Motion, Plaintiff also filed a
20  Separate Statement of Uncontroverted Facts and
21  Conclusions of Law ("Pl.'s SUF").  Defendant filed its
22  Opposition ("Def.'s Opp'n) and a Statement of Genuine
23  Issues ("Def.'s SGI") on March 14, 2008; Plaintiff filed
24  his Reply on March 26, 2008.
25
26     In support of its Motion, USAA also filed a Statement
27  of Uncontroverted Facts and Conclusions of Law ("Def.'s
28

1  SUF"), the declarations of Michael Burke, Ritchie Lewis,
2  and Maureen M. Michail, and a Request for Judicial
3  Notice.[2]  Plaintiff filed Opposition ("Pl.'s Opp'n") and
4  Objections to the Declarations of Ritchie Lewis and
5  Michael Burke on March 14, 2008.[3]  Defendant filed its
6  Reply and a Response to Plaintiff's Objections on March
7  27, 2008.

8

9                      **II. LEGAL STANDARD**

10      A motion for summary judgment shall be granted when
11  there is no genuine issue as to any material fact and the
12  moving party is entitled to judgment as a matter of law.
13  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>,
14  477 U.S. 242, 247-48 (1986).  The moving party must show
15  that "under the governing law, there can be but one
16  reasonable conclusion as to the verdict." <u>Anderson</u>, 477
17  U.S. at 250.

18

19      Generally, the burden is on the moving party to
20  demonstrate that it is entitled to summary judgment.
21  <u>Margolis v. Ryan</u>, 140 F.3d 850, 852 (9th Cir. 1998);

22

23  _____

24      [2]Defendant requests judicial notice of certain
    documents filed in the underlying lawsuit, which are
25  included as exhibits in the parties' Joint Exhibits.  The
    Court takes judicial notice of those documents pursuant
26  to Rule 201 of the Federal Rules of Evidence.

27      [3]Plaintiff objects to evidence offered by Defendant
    that is not relevant to resolution of the Motions, and
28  the Court therefore does not address Plaintiff's
    objections.

                              4

1    <u>Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.</u>, 707
2    F.2d 1030, 1033 (9th Cir. 1983).   The moving party bears
3    the initial burden of identifying the elements of the
4    claim or defense and evidence that it believes
5    demonstrates the absence of an issue of material fact.
6    <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

7

8        Where the non-moving party has the burden at trial,
9    however, the moving party need not produce evidence
10   negating or disproving every essential element of the
11   non-moving party's case.   <u>Celotex</u>, 477 U.S. at 325.
12   Instead, the moving party's burden is met by pointing out
13   that there is an absence of evidence supporting the non-
14   moving party's case.   <u>Id.</u>

15

16       The burden then shifts to the non-moving party to
17   show that there is a genuine issue of material fact that
18   must be resolved at trial.   Fed. R. Civ. P. 56(e);
19   <u>Celotex</u>, 477 U.S. at 324; <u>Anderson</u>, 477 U.S. at 256.   The
20   non-moving party must make an affirmative showing on all
21   matters placed in issue by the motion as to which it has
22   the burden of proof at trial.   <u>Celotex</u>, 477 U.S. at 322;
23   <u>Anderson</u>, 477 U.S. at 252.   <u>See also</u> William W.
24   Schwarzer, A. Wallace Tashima & James M. Wagstaffe,
25   <u>Federal Civil Procedure Before Trial</u> § 14:144.
26   ///
27   ///
28

1    Where the moving party has the burden at trial, "that
2 party must support its motion with credible evidence ...
3 that would entitle it to a directed verdict if not
4 controverted at trial." <u>Celotex</u>, 477 U.S. at 331.  The
5 burden then shifts to the non-moving party "and requires
6 that party ... to produce evidentiary materials that
7 demonstrate the existence of a 'genuine issue' for
8 trial...."  <u>Id.</u>; <u>Anderson</u>, 477 U.S. at 256; Fed. R. Civ.
9 P. 56(e).

10

11    A genuine issue of material fact will exist "if the
12 evidence is such that a reasonable jury could return a
13 verdict for the non-moving party." <u>Anderson</u>, 477 U.S. at
14 248.  In ruling on a motion for summary judgment, the
15 Court construes the evidence in the light most favorable
16 to the non-moving party.  <u>Barlow v. Ground</u>, 943 F.2d
17 1132, 1135 (9th Cir. 1991); <u>T.W. Electrical Serv. Inc. v.</u>
18 <u>Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31
19 (9th Cir. 1987).

20

21              **III. UNCONTROVERTED FACTS**
22    The parties have stipulated to certain facts for the
23 purpose of their cross-Motions.  Those facts are
24 "admitted to exist without controversy" for the pupuses
25 of these Motions.  <u>See</u> Local Rule 56-3.
26 ///
27 ///
28

1  **USAA Automobile Policy**

2      Defendant USAA provided automobile insurance coverage

3  to Robert II for the policy period September 26, 2000, to

4  March 26, 2001.  [SF No. 12; Joint Ex. 1 (Automobile

5  Policy Packet) ("Policy").]  Under the liability coverage

6  provided in the Policy, USAA agreed to pay "compensatory

7  damages for [bodily injury ("BI")] or [property damage

8  ("PD")] for which any covered person becomes legally

9  liable because of an auto accident."  (Joint Ex. 1 at

10  29.)  The Policy also stated, "We have no duty to defend

11  any suit or settle any claim for BI or PD not covered

12  under this policy."  (<u>Id.</u>)

13

14      Under the heading "Exclusions," the USAA Policy

15  provided:

16

17      C.   There is no coverage for a covered person for BI

18           to you or any family member, nor do we provide

19           coverage for any covered person for BI to you or

20           any family member whenever the ultimate benefits

21           of that indemnification accrue directly or

22           indirectly to any covered person ["Exclusion

23           C"].

24      D.   There is no coverage for BI for which a covered

25           person becomes legally responsible to pay to a

26           member of that covered person's family residing

27           in that covered person's household ["Exclusion

28

1    D" and, together with Exclusion C, the "intra-

2    family exclusions"].

3

4  (<u>Id.</u> at 31.)  The Policy defined "family member" as "a

5  person related to you by blood, marriage, or adoption who

6  is a resident of your household."  (<u>Id.</u> at 28.)

7

8  **Car Accident and Plaintiff's Premature Birth**

9    On November 26, 2000, Plaintiff's father collided

10 with a car turning left in front of his car as he drove

11 through an intersection.  (SF Nos. 2, 13.)  Plaintiff's

12 mother, Traci Hunter, was seven-and-a-half months

13 pregnant at the time of the accident and a passenger in

14 the car.  (SF No. 4.)  After being taken to a hospital,

15 Traci Hunter delivered Plaintiff prematurely by Caesarean

16 section.  (SF No. 5.)  The premature birth resulted from

17 a "placenta abrupto" suffered by Traci Hunter as a result

18 of the car accident.  (<u>Id.</u>)

19

20 **Underlying Litigation**

21    Plaintiff filed a lawsuit against Robert II in the

22 California Superior Court for the County of Riverside,

23 Case No. INC 025881, alleging negligence and seeking

24 damages resulting from the car accident.  (SF Nos. 1-2,

25 6.)  Plaintiff offered to settle the underlying lawsuit

26 within the $100,000 USAA policy limit, and Robert II

27 tendered that offer to USAA.  (Pl.'s SUF ¶ 16; Def.'s SGI

28

8

1 ¶ 16.)  USAA refused the offer of settlement.  (<u>Id.</u>)
2 Plaintiff's claim against his father was referred to
3 non-binding judicial arbitration on August 23, 2002.  (SF
4 Nos. 7-8.)  On February 14, 2006, the arbitrator issued
5 an arbitration award to Plaintiff for $2.35 million.  (SF
6 No. 9.)  Robert II did not move for a trial de novo, and
7 the arbitration award was entered as a judgment in the
8 underlying case.  (SF No. 10.)
9
10    Robert II assigned his rights against USAA to
11 Plaintiff, in exchange for Plaintiff's agreement not to
12 execute on the judgment obtained in the underlying
13 litigation.  (SF No. 11.)
14
15 **Tender of Defense and Denial of Claim**
16    Robert II tendered the underlying complaint against
17 him to USAA for defense and indemnity.  (SF No. 19.)
18 USAA denied Robert II's claim on the ground that the
19 Policy's intra-family exclusions precluded coverage for
20 Plaintiff's case against Robert II.  (SF No. 20.)
21
22                    **IV. DISCUSSION**
23    Plaintiff's Motion seeks partial summary judgment on
24 his first claim for breach of contract.  Plaintiff
25 contends that USAA improperly denied coverage under the
26 intra-family exclusions, because Plaintiff was not a
27 "family member" of his father, as that term is defined by
28

9

the Policy, at the time of the car accident.  The Policy
defined "family member" as a "<u>person</u> related to [the
insured] by blood, marriage, or adoption who is a
resident of [the insured's] household."  [Joint Ex. 1 at
28 (emphasis added).]  According to Plaintiff, "Because
plaintiff was a fetus at the time of the accident and
because a fetus is not a person, USAA's intra-family
exclusions did not apply."  (Pl.'s Mot. at 9:12-13.)

     USAA asserts that it properly applied the intra-
family exclusions and had no duty to defend Robert II in
the underlying lawsuit.  In addition, USAA contends that
if it prevails on the duty to defend issue, then
Plaintiff's remaining claims for breach of the implied
covenant of good faith and for unfair business practices
must also fail.

     For the reasons set forth below, the Court finds that
USAA did not have a duty to defend the underlying lawsuit
and thus denies Plaintiff's Motion and grants Defendant's
Motion.

**A.   Duty to Defend**

     An insurer must defend any complaint that
"<u>potentially</u> seeks damages within the coverage of the
policy...."  <u>Gray v. Zurich Ins. Co.</u> 65 Cal. 2d 263, 275
(1966).  The duty is limited to those actions of the

nature and kind covered by the policy.  Id.  The

policyholder bears the initial burden of proving the

potential for coverage.  Modern Dev. Co. v. Navigators

Ins. Co., 111 Cal. App. 4th 932, 942 (2003).  Once the

policyholder shows the potential for coverage, "the

insurers must conclusively establish the absence of any

potential for coverage in order to prevail on the duty-

to-defend issue."  Anthem Elecs., Inc. v. Pac. Employers

Ins. Co., 302 F.3d 1049, 1055 (9th Cir. 2002) (citing

California law).  It is also the insurer's burden to show

that an exclusion applies.  Atlantic Mutual Ins. Co. v.

J. Lamb, Inc., 100 Cal. App. 4th 1017, 1038-39 (2002).

        Here, the parties have stipulated to the relevant

facts and seek a ruling on the application of the

Policy's intra-family exclusions to Plaintiff's

underlying claim against his father.  See Waller v. Truck

Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995) (stating that

the interpretation of an insurance policy is a question

of law).  Though Plaintiff frames the issue as "whether a

fetus is a person under USAA's insurance policy," (Pl.'s

Mot. at 1:12-13), the question is defined more properly

as whether Plaintiff's claim to recover for prenatal

injuries falls within the intra-family exclusions.

Plaintiff's narrow focus on the meaning of the term

"person," as used in the Policy's definition of "family

member," fails to tether the interpretation of the intra-

family exclusions to the context in which they appear in the Policy.  See Fire Ins. Exch. v. Superior Court, 116 Cal. App. 4th 446, 454 (2004) ("An insurance policy must be interpreted as a whole and in context.")

In the liability coverage portion of the Policy, USAA agreed to pay "compensatory damages for BI ... for which [Robert II] becomes legally liable because of an accident."  (Joint Ex. 1 at 29.)  The Policy then carved out exclusions, stating in Exclusion C that "[t]here is no coverage for [Robert II] for BI ... to ... any family member" and in Exclusion D that "[t]here is no coverage for BI for which [Robert II] becomes legally responsible to pay to a member of [Robert II's] family residing in [Robert II's] household."  (Id. at 31.)  The context for the intra-family exclusions is one in which a family member has asserted a claim for liability against Robert II, which Robert II in turn has tendered to USAA for coverage.

The appropriate reference point for interpreting the intra-family exclusions is provided by California case law and statutes addressing a plaintiff's ability to recover in tort for prenatal injury.  Under California law, an unborn child "accrue[s] no right of action against the wrongdoer" "at the time of the negligent infliction of the prenatal injuries."  Wilson v. Kaiser

<u>Foundation Hosps.</u>, 141 Cal. App. 3d 891, 896 (1983).  By
statute, California has provided for a cause of action
for prenatal injuries by a plaintiff who is born alive.
<u>See</u> Cal. Civil Code § 43.1.  On the other hand, if the
unborn child does not survive birth, a cause of action on
its behalf does not arise under the California wrongful
death statute.  <u>See</u> <u>Zavala v. Arce</u>, 58 Cal. App. 4th 915,
932 (1997) ("a wrongful death action may not be
maintained for the death of an unborn child") (citing
<u>Justus v. Atchison</u>, 19 Cal. 3d 564 (1977)).  Therefore,
Plaintiff could not have asserted any claim against his
father, which in turn could have been covered under the
USAA policy, until Plaintiff was born and became a
"family member."[4]

     In an analogous case, a plaintiff sued for medical
malpractice after sustaining prenatal injuries.  <u>Wilson</u>,
141 Cal. App. 3d at 894.  The medical services contract
required arbitration of claims asserted by health plan
"members."  <u>Id.</u>  The court rejected the plaintiff's
argument that the arbitration clause did not apply to
him, because he "was not 'alive' and thus not a member
when injuries were suffered while a fetus."  <u>Id.</u> at 896.
Reasoning that the plaintiff had no cause of action until
he was born, at which time he also became a member of the

_____

     [4]Plaintiff does not dispute that once he was born, he
was a "family member" as defined by the Policy.

13

health plan, the court concluded that his claim was
subject to arbitration.  Id. at 898.  "In short,
plaintiff never had a legally recognizable claim before
he was a member of the Health Plan."  Id.  Similarly,
Plaintiff here did not have a cognizable claim for bodily
injury against his father until he was born alive.  In
other words, Plaintiff's father could not "become[ ]
legally responsible" for Planitiff's damages until
Plaintiff's birth, at which time Plaintiff's claim was
precluded by the intra-family exclusions.  (Joint Ex. 1
at 29, 31.)

     The Ninth Circuit, construing California law, also
has rejected the argument that the use of the term
"person" in the context of liability coverage excludes an
unborn child.  See Endo Labs., Inc. v. Hartford Ins.
Group, 747 F.2d 1264, 1267 (9th Cir. 1984).  In that
case, the insurer argued that the mother's ingestion of a
prescription drug could not have caused "bodily injury"
to her fetus within the meaning of the pharmaceutical
company's liability coverage, because the policy defined
"bodily injury" as injury sustained by a "person."  Id.
at 1266-67.  Relying on a predecessor to Civil Code
section 43.1, the Ninth Circuit found that "a fetus later
born alive is a person for purposes of an action for
prenatal injury."  Id. at 1267.  The court also noted the
"well-established" rule that "the time of the occurrence

of an accident within the meaning of an indemnity policy
is not the time the wrongful act was committed, but the
time when the complaining party was actually damaged."
Id. at 1268 (quoting Tijsseling v. Gen. Accident Fire &
Life Assurance Corp., 55 Cal. App. 3d 623, 626 (1976)).

Even assuming, arguendo, that an unborn child is not
a "family member" within the meaning of the Policy, that
unborn child could never assert its own claims against an
insured.  Such claims only become cognizable if brought
by the mother carrying the fetus, or if the unborn child
is delivered and brings its own claims for prenatal
injury.  See Wilson, 141 Cal. App. 3d at 898 ("Where the
embryo or fetus is allowed to assert rights before birth
it is the prospective mother or parents who are bringing
the action; thus it is their interest that the law
protects.") (citing cases).  As a result, there was no
need for the Policy explicitly to exclude claims made by
an unborn child, as Plaintiff claims it should have,
because an unborn child could never bring its own claims
under California law.

In light of California law providing that Plaintiff's
claim against his father did not accrue until his birth,
the Court finds that Plaintiff's underlying lawsuit was
brought by a "family member" subject to the Policy's
intra-family exclusions.  As a result, USAA had no duty

15

1 to defend Robert II.  Under Exclusion C, USAA was not

2 obligated to provide Robert II with coverage "for BI ...

3 to ... any family member," including Plaintiff.  In

4 addition, under Exclusion D, there was never any

5 potential for coverage, because there would be "no

6 coverage for BI for which [Robert II] becomes legally

7 responsible to pay to a member of [Robert II's] family

8 residing in [Robert II's] household."[5]

9

10      The Court finds Plaintiff's contention that the use

11 of the term "person" in the Policy's definition of a

12 "family member" is ambiguous, and should be interpreted

13 against the insurer, to be unavailing.  "Courts will not

14 adopt a strained or absurd interpretation in order to

15 create an ambiguity where none exists." Reserve Ins. Co.

16 v. Pisciotta, 30 Cal. 3d 800, 807 (1982) (citations

17 omitted).  Moreover, while the insured's "objectively

18 reasonable expectations" may be considered to resolve an

19 ambiguous policy provision, they cannot create an

20 ambiguity where none exists. Gen. Reins. Corp. v. St.

21 Jude Hosp. 107 Cal. App. 4th 1097, 1108 (2003).

22 Plaintiff's argument that the insured reasonably expected

23 the Policy to cover Plaintiff's underlying claims

24 therefore is not a persuasive basis for interpreting the

25 intra-family exclusions in favor of coverage.  Those

26 _____

27      [5]Plaintiff does not dispute that he became a family
member and resided in his father's household upon his
28 birth.

16

exclusions, including their incorporation of the Policy's definition of "family member," are not ambiguous when understood in the context of the Policy's liability coverage and in light of California law.

Accordingly, the Court finds that USAA had no duty to defend Robert Hunter II in the underlying lawsuit, and denies Plaintiff's Motion for Partial Summary Judgment. Defendant is entitled to summary judgment on Plaintiff's claim for breach of contract.

**B.   Bad Faith**

When "there is no potential for coverage, and hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing...." <u>Waller v. Truck Ins. Exch.</u>, 11 Cal. 4th 1, 36 (1995).  Thus, Defendant also is entitled to summary judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

**C.   Unfair Business Practices**

The Complaint alleges that Defendant's conduct "constitute[d] unfair general business practices in violation of California Insurance Code § 790.03," citing specific provisions of section 790.03(h).  Defendant argues that this claim should be dismissed, because there

17

1  is no private right of action for unfair claims practices
2  in violation of section 790.03.  (Def.'s Mot. at 20:22-
3  25.)  In his Opposition, Plaintiff contends that triable
4  issues of fact must be resolved with respect to his claim
5  for violation of "California's Unfair Competition Law,"
6  apparently referring to Business and Professions Code
7  section 17200.  (Pl.'s Opp'n at 8:22-25.)  Neither
8  section 17200, nor any other provision of the Business
9  and Professions Code, is cited in the Complaint as a
10 basis for Plaintiff's Third Cause of Action.  (Compl. ¶¶
11 47-52.)  Accordingly, Plaintiff's claim for unfair
12 business practices under the Insurance Code is dismissed.
13 See Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d
14 287, 304 (1988) ("Neither section 790.03 nor section
15 790.09 was intended to create a private civil cause of
16 action against an insurer that commits one of the various
17 acts listed in section 790.03, subdivision (h).").

18

19                        **V. CONCLUSION**

20      For the foregoing reasons, the Court GRANTS
21 Defendant's Motion for Summary Judgment and DENIES
22 Plaintiff's Motion for Partial Summary Judgment.

23

24

25 Dated:  April 10, 2008         _____
26                                 VIRGINIA A. PHILLIPS
                                   United States District Judge
27

28

                                  18